UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Wesley Eugene Brooks, | Civil No. 12-316 (SRN/JSM) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Tom Roy, David Crist, Terry Carlson, Nanette Larson, Bruce Reisner, Douglas Panser, James Schaffer, Jane Does 1-10, and John Does 1-10, | |
| Defendants. | |

F. Clayton Tyler and Karen E. Mohrlant, F. Clayton Tyler, PA, 331 Second Avenue South, Suite 230, Minneapolis, MN 55401; and Karin Ciano, Karin Ciano Law PLLC, 2915 Wayzata Boulevard, Minneapolis, MN 55405, for Plaintiff.

Angela Behrens, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 900, St. Paul, MN 55101, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Janie S. Mayeron dated May 4, 2012 [Doc. No. 27]. In the R&R, Magistrate Judge Mayeron recommended that this Court deny Plaintiff's Motion for Temporary Restraining Order or Preliminary Injunction [Doc. No. 16]. Plaintiff filed timely objections to the R&R [Doc. No. 31], and Defendants responded to the objections [Doc. No. 37]. The matter is now ripe for review.

According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C.

§ 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b).  Based on that de novo review, the Court adopts the R&R.

I.    FACTUAL AND PROCEDURAL BACKGROUND

The full factual background of this case is set forth in Magistrate Judge Mayeron's thorough R&R and will not be repeated here.  Plaintiff Wesley Eugene Brooks is currently incarcerated in the state prison in Faribault, Minnesota ("MCF-Faribault").  Brooks is serving a 72-month sentence for felony driving while intoxicated.  MCF-Faribault determined that Brooks should take part in the facility's substance-abuse treatment program during his incarceration.[1]  This treatment program is called the New Dimensions Chemical Dependency Treatment Program.

From Brooks's entry into the New Dimensions program, he was an unwilling participant, refusing to actively participate in the written or oral portions of the treatment.  Brooks contended, and in this lawsuit claims, that participation in the New Dimensions program is contrary to his Native American religious beliefs.  He asserts that the New Dimensions program contains elements of a twelve-step program.  Brooks seeks assignment to a privately run inpatient treatment program called the Mash-ka-wisen Primary Residential Treatment Center in Sawyer, Minnesota, nearly 200 miles from MCF-Faribault.  Mash-ka-wisen does not, however, have any program or facility for

---

[1] Minnesota law mandates that a DWI felon such as Brooks must "successfully complete[] a chemical dependency treatment program while in prison" to be eligible for benefits such as work release or intensive community supervision.  Minn. Stat. § 169A.276, subd. 1(c).

incarcerated persons, and thus MCF-Faribault would be required to transport Brooks more than 3 hours each way for daily treatment. Further, Mash-ka-wisen's treatment program explicitly incorporates elements of the twelve-step recovery program that Brooks claims is antithetical to his religious beliefs.

Brooks's claims are that his required participation in the New Dimensions program violates the First Amendment's free-exercise clause; the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1; the American Indian Religious Freedom Act ("AIRFA"), id. § 1996; and the Minnesota Constitution. After he was discharged from the program in April 2012, he brought the instant Motion for injunctive relief, asking to be reinstated into the program because his failure to participate in the program would result in his ineligibility for certain prison benefits, such as work release and transfer to a minimum security facility. In his Objections, he contends that he was placed on lockdown immediately after, and solely as a result of, his termination from treatment.

## II. DISCUSSION

### A. Standard of Review

The R&R evaluated Brooks's Motion under the familiar Dataphase factors, under which

> [a] court considering a motion for preliminary injunction must consider (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm as the injury in granting the injunction will inflict on the other party; (3) the probability of the movant succeeding on the merits; and (4) the public interest.

Phelps-Roper v. Nixon, 545 F.3d 685, 689-90 (8th Cir. 2008) (citing, inter alia, Dataphase Sys. Inc. v. CL Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981) (en banc)). As Brooks points out, however, when determining whether to grant an injunction in a case involving allegations of First Amendment harm, the Dataphase factors collapse into a single inquiry: "the likelihood of success on the merits is often the determining factor in whether a preliminary injunction should issue." Id. at 690. Thus, the Court will first consider whether Brooks has established that his claims are likely to succeed.[2]

**B.    Likelihood of Success on the Merits**

The crux of any claim involving the infringement of the right to religious freedom, whether under the United States or Minnesota Constitutions or under RLUIPA, is that the challenged practice or regulation infringes on a sincerely held religious belief. (See, e.g., R&R at 20 (discussing elements of federal free exercise claim).) Brooks has failed to establish this threshold issue, because he has failed to delineate any sincerely held religious belief that is in any way infringed by his participation in the New Dimensions program.

First, Brooks has not explained what his sincerely held religious beliefs are, in the context of his substance-abuse rehabilitation or otherwise. He references Native American beliefs espousing that a person must confront the root causes of substance abuse, but does not contend that he holds such a belief himself. More importantly,

---

[2] The R&R found that there is no private cause of action under the AIFRA, and Brooks does not object to this conclusion. The Court's analysis will therefore include only Brooks's state and federal constitutional claims and his claim under RLUIPA.

however, he does not explain how the New Dimensions program, which explicitly requires participants to examine the causes of their substance abuse issues, infringes on his Native American beliefs requiring him to confront the cause of his substance abuse.

In the Objections, Brooks contends that the New Dimensions program has not allowed him to speak freely about his Native American views of addiction.  (Obj. at 13.)  The evidence belies this contention, however.  Brooks was encouraged to develop his own program for rehabilitation that incorporated whatever Native American beliefs and practices he wished, but he refused to do so.  There is no indication that Brooks has been discouraged from speaking freely; to the contrary, the evidence shows that the New Dimensions program encourages all participants to speak and write freely.  Brooks has refused to participate in any New Dimensions activity.  This is not a case in which Brooks expressed an opinion or stated a religious belief and was punished for that opinion.  Rather, he has steadfastly refused to state any opinion whatsoever.  It is his refusal to participate, not the expression of any sincerely held religious belief, that has brought punishment in the form of termination from the program.

Further, to the extent that Brooks has successfully raised a retaliation claim,[3] he has also failed to establish that this claim is likely to succeed on the merits.  Brooks contends that the decision to terminate him from the New Dimensions program was in

---

[3] Defendants note that Brooks did not make any argument regarding any retaliation claim in his papers in support of the Motion. (Defs.' Response at 8.)  His failure to argue the merits of this claim likely means that he has not properly raised a retaliation claim as a basis for injunctive relief.  For the sake of comprehensiveness, the Court will address any retaliation claim Brooks may have intended to bring.

retaliation for his filing of this lawsuit and in retaliation for his complaints about the conflict between the program and his religious beliefs. There is no evidence that Brooks's termination from New Dimensions in April was in any way related to the filing of this lawsuit in February. The only evidence is that Brooks was removed from New Dimensions because he failed to participate in any way, and engaged in other prohibited behavior. Brooks does not, and cannot, contend that a refusal to speak or write or engaging in behavior such as staff-splitting is somehow part of his sincerely held religious beliefs. His retaliation claim provides no support for the requested injunctive relief.

C.   **Other Factors**

Brooks's Motion also fails to meet the other <u>Dataphase</u> factors. He has not shown that he will be irreparably harmed in the absence of injunctive relief.[4] He claims that he has been placed in lockdown and that he must forego certain benefits that could have accrued had he been allowed to participate in a rehabilitation program. But the benefits to which he points are not mandatory. Thus, Brooks cannot establish that he had a right to any such benefit so that the denial of the benefit might cause irreparable harm. And as the R&R noted, Brooks has sufficient time remaining on his sentence to allow him to complete a rehabilitation program and regain eligibility for those benefits.

---

[4] Brooks submitted a supplemental affidavit attempting to introduce additional evidence on this point. Because this evidence was not before Magistrate Judge Mayeron, it cannot be used to challenge the R&R's conclusions. Again for the sake of comprehensiveness, the Court has considered the evidence to the extent it is relevant.

Nor is the fact that Brooks has been placed in lockdown evidence that he is suffering irreparable harm. There is no evidence other than Brooks's own unsupported opinion regarding the cause of Brooks's placement in lockdown or the duration of that lockdown. Placing Brooks in lockdown status merely because he refuses to engage in the New Dimensions program might constitute irreparable harm if it imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. 472, 484 (1995). But "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." Id. at 485. There is no evidence that Brooks has been placed in lockdown indefinitely, or that other inmates who similarly refuse to comply with prison rules are subject to lesser forms of discipline. Should such evidence come to light, Brooks can seek appropriate relief at that time.

Finally, it is clear that both the balance of harms and the public interest weigh against the injunction Brooks seeks. As evidenced by the Minnesota statute requiring Brooks's participation in a treatment program, the public interest lies in rehabilitating offenders. While such treatment may not infringe an offender's religious beliefs, Brooks has utterly failed to establish that the New Dimensions program does so. In comparison, the harm to Minnesota is evident: offenders who are not rehabilitated are more likely to reoffend.

More specifically, however, Brooks seeks in this Motion either to be readmitted to New Dimensions or to obtain an order requiring the facility to place him in Mash-ka-

wisen. But if he continues to refuse to participate in New Dimensions and to engage in prohibited behaviors, his readmittance to the program may harm other participants who are attempting to rehabilitate themselves, and will also create more work for the program's staff, thus straining the program's resources. His proposed solution of transportation to Mash-ka-wisen is likewise more harmful to Defendants. Not only would transporting him take 6 hours every day, but it would require assignment of additional staff. Moreover, Brooks has no evidence that Mash-ka-wisen would accept him, even if the facility could arrange his transportation.

### D.     Conclusion

Brooks has failed to establish that he is entitled to an injunction in this matter. Accordingly, the Court will adopt the R&R in full.

### III.    ORDER

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The R&R [Doc. No. 27] is **ADOPTED**; and

2. Plaintiff's Motion for Temporary Restraining Order or Preliminary Injunction [Doc. No. 16] is **DENIED**.


Dated:  July 25, 2012                                          s/Susan Richard Nelson
                                                               SUSAN RICHARD NELSON
                                                               United States District Judge